UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

| | |
|---|---|
| STEPHEN RAY MURRAY,<br><br>    Plaintiff,<br><br>v.<br><br>MAYOR BILL WIGGINS, et al.,<br><br>    Defendants. | Case No. 2:19-cv-00046<br><br>Chief Judge Waverly D. Crenshaw, Jr.<br>Magistrate Judge Alistair E. Newbern |

To:     The Honorable Waverly D. Crenshaw, Jr., Chief District Judge

### REPORT AND RECOMMENDATION

Pro se Plaintiff Stephen Ray Murray asserts claims under 42 U.S.C. § 1983 and state law arising from an altercation that took place at Murray's home in Monterey, Tennessee, on the night of June 13, 2018. (Doc. No. 1.) Defendants Putnam County Sheriff Eddie Farris; Putnam County Deputies Joseph Harsh and Richard Cobble; Monterey Mayor Bill Wiggins; Monterey Chief of Police Bill Randolph; and Monterey Police Officers Andrew Phillips and Steven Hiott have moved to dismiss Murray's claims against them for insufficient service of process. (Doc. Nos. 8, 19, 21.) Murray responded in opposition (Doc. Nos. 18, 26), and the defendants replied (Doc. Nos. 27, 28, 29). For the reasons that follow, the Magistrate Judge will recommend that the motions to dismiss be denied and that Murray be granted additional time to effect service of process under Federal Rule of Civil Procedure 4(m).

### I.     Factual and Procedural Background

Murray initiated this action on June 12, 2019, by filing a complaint under 42 U.S.C.§ 1983 and paying the filing fee. (Doc. No. 1.) Murray alleges that, on June 13, 2018, his daughter called 911 in the middle of the night thinking that someone had broken into the family home. (*Id.*) In fact,

there was no intruder—Murray had awoken from a dream, tripped over his dog, and cried out as he fell into a coffee table. (*Id.*) Murray's wife called 911 again to report that the original call had been a false alarm. (*Id.*) Officers Harsh, Cobble, Phillips, and Hiott arrived at the house anyway and, despite Murray's compliance with their orders, Phillips used a taser against Murray. (*Id.*) Murray alleges that the officers' actions constituted excessive force and negligence. (*Id.*) Murray's complaint names as defendants the Town of Monterey; Putnam County; Mayor Wiggins; Police Chief Randolph; and the previously mentioned officers. (*Id.*) Murray has sued the individual defendants in both their individual and official capacities. (*Id.*)

On June 26, 2019, the Court referred this case to the Magistrate Judge to oversee service of process and informed Murray, who had paid the filing fee, "that **he is responsible for effecting service of process on the defendants** in accordance with . . . Rule 4 of the Federal Rules of Civil Procedure" and directed Murray to relevant online resources. (Doc. No. 3, PageID# 12 (emphasis in original).)

On October 2, 2019, the Court found that Murray had not filed proof of service of the defendants named in his complaint within the ninety-day period to effect service of process under Rule 4(m) and that none of the defendants had appeared. (Doc. No. 5.) Accordingly, the Court set an October 23, 2019 deadline for Murray to file proof of service showing that the defendants were served within the ninety-day period or to show cause why the Court should extend the service period under Rule 4(m). (*Id.*) On October 30, 2019, the Court received a motion from Murray requesting an extension of the Rule 4(m) service period until thirty days from October 10, 2019. (Doc. No. 6.) Murray stated that he did not know he was required to serve the defendants until he received the Court's show-cause order and that he had tried unsuccessfully to serve the defendants since then. (*Id.*)

In a November 12, 2019 order, the Court found that, "[d]espite Murray's claim that he only learned of his obligation to effect service of process when he received the Court's October 2, 2019 order, the Court [had] informed Murray of that obligation and directed him to relevant resources on June 26, 2019." (Doc. No. 7, PageID# 38.) However, given Murray's pro se status, and the fact that he had not previously requested extension of the Rule 4(m) deadline, the Court found that he had adequately responded to its show-cause order and extended the service deadline to November 26, 2019. (Doc. No. 7.)

On that date, Murray filed multiple proofs of service showing that he had personally served Wiggins and Randolph with summonses on November 7, 2019 (Doc. Nos. 10, 11); that he also gave summonses for Phillips and Hiott to Randolph on November 7, 2019 (Doc. Nos. 12, 13); and that he mailed summonses for Farris, Cobble, and Harsh to the Putnam County Sheriff's Department (PCSD) on November 10, 2019. The mailed summonses were received and signed for by "M. Meadows" on November 12, 2019 (Doc. Nos. 14–16).

On the same day that Murray filed his proofs of service, Farris, Cobble, and Harsh filed a motion to dismiss Murray's claims against them for insufficient service of process (Doc. No. 8). These defendants argue that Murray served them only with summonses and did not include a copy of the complaint as is required by Rule 4(c)(1). They also argue that Harsh is no longer employed by PCSD and cannot be served there. (Doc. No. 9.) Wiggins, Randolph, and Phillips filed a motion to dismiss for insufficient service of process, arguing that they, too, did not receive a copy of the complaint with their summonses. (Doc. No. 19.) They further argue that, to the extent Murray intends to pursue claims against the Town of Monterey, he has failed to serve it in accordance with Federal Rule of Civil Procedure 4(j)(2). (*Id.*) Finally, Hiott filed his own motion to dismiss for insufficient service of process (Doc. No. 21), arguing that Murray's delivery of Hiott's summons

3

to Randolph on November 7, 2019, was insufficient to serve him because he was no longer employed by the Monterey police department on that date. (Doc. No. 22.)

Murray responded in opposition to the motions to dismiss. (Doc. Nos. 18, 26.) Murray argues that he "thought he . . . sent [PCSD] all papers relevant to" service of Farris, Cobble, and Harsh and that he has diligently tried to complete "the correct paperwork." (Doc. No. 18, PageID# 66, 67.) Murray asks for "the shortest amount of time to serve the other paper," presumably referring to the complaint, so that he can "promptly serve it under Rule 4 . . . ." (*Id.* at PageID# 66.) In responding to Wiggins, Randolph, and Phillips's and Hiott's motions to dismiss, Murray states that he "thought [he] did" include a copy of his complaint with the summonses he served, and asks the Court "to tell [him] if [he] need[s] to send another copy . . . ." (Doc. No. 26, PageID# 105.) The defendants replied in support of their motions to dismiss, reiterating that they have not been properly served. (Doc. Nos. 27–29.)

**II.     Legal Standard**

"[T]he requirement of proper service of process 'is not some mindless technicality,'" *Friedman v. Estate of Presser*, 929 F.2d 1151, 1156 (6th Cir. 1991) (quoting *Del Raine v. Carlson*, 826 F.2d 698, 704 (7th Cir. 1987)), nor is it "meant to be a game or obstacle course for plaintiffs[,]" *Ace Am. Ins. Co. v. Meadowlands Developer Ltd. P'ship*, 140 F. Supp. 3d 450, 455 (E.D. Pa. 2015). Rather, it goes to the very heart of a court's ability to hear a case. "[W]ithout proper service of process, consent, waiver, or forfeiture, a court may not exercise personal jurisdiction over a named defendant." *King v. Taylor*, 694 F.3d 650, 655 (6th Cir. 2012); *see also Mann v. Castiel*, 681 F.3d 368, 372 (D.C. Cir. 2012) (explaining that "[s]ervice is . . . not only a means of notifying a defendant of the commencement of an action against him,' but 'a ritual that marks the court's assertion of jurisdiction over the lawsuit" (citation omitted)). Where personal jurisdiction is not

4

properly established, a court cannot exercise its authority consistent with due process of law. *See Friedman*, 929 F.2d at 1156–57.

Federal Rule of Civil Procedure 4(c) provides that "[a] summons must be served with a copy of the complaint" by "[a]ny person who is at least 18 years old and not a party" to the action and that such service must occur within the time allowed by Rule 4(m), which is ninety days from the time the complaint is filed. Fed. R. Civ. P. 4(c)(1)–(2), 4(m). However, if the plaintiff shows good cause for failing to effect service within ninety days, the Court "must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m). Even where a plaintiff has not shown good cause, the Court may exercise its discretion to extend the service deadline. *See* Fed. R. Civ. P. 4(m) advisory committee's note to 1993 amendment (explaining that Rule 4(m) "explicitly provides that the court shall allow additional time if there is good cause for the plaintiff's failure to effect service . . . and authorizes the court to [grant relief] . . . even if there is no good cause shown"); *see also Henderson v. United States*, 517 U.S. 654, 662 (1996); *DeVane v. Hannah*, No. 3:11-cv-00389, 2011 WL 5916433, at *2 (M.D. Tenn. Nov. 28, 2011). In determining whether to exercise the discretion to extend the service deadline, courts consider whether:

> (1) a significant extension of time [is] required; (2) an extension of time would prejudice the defendant other than the inherent "prejudice" in having to defend the suit; (3) the defendant ha[s] actual notice of the lawsuit; (4) a dismissal without prejudice would substantially prejudice the plaintiff; i.e., would his lawsuit be time-barred; and (5) the plaintiff ha[s] made any good faith efforts at effecting proper service of process.

*Slenzka v. Landstar Ranger, Inc.*, 204 F.R.D. 322, 326 (E.D. Mich. 2001).

Plaintiffs must generally file proof of service on each defendant. Rule 4(l) provides that, "[u]nless service is waived, proof of service"—usually the server's affidavit—"must be made to the court." Fed. R. Civ. P. 4(l)(1). However, "[f]ailure to prove service does not affect the validity of service[,]" and the Court "may permit proof of service to be amended." Fed. R. Civ. P. 4(l)(3).

A defendant may move to dismiss a complaint for insufficient process under Federal Rule of Civil Procedure 12(b)(4), or for insufficient service of process under Rule 12(b)(5). Fed. R. Civ. P. 12(b)(4), 12(b)(5). The difference between those grounds for dismissal is that a Rule 12(b)(4) motion concerns "the form of process"—i.e., the content of the summons—while a Rule 12(b)(5) motion challenges "the manner or method of service" of a summons or complaint. *Buck Mountain Cmty. Org. v. Tenn. Valley Auth.*, 629 F. Supp. 2d 785, 792 n.5 (M.D. Tenn. 2009); *see also Phillips v. Tenn. Hotel Supply*, No. 1:04-CV-353, 2006 WL 897985, at *1 (E.D. Tenn. Apr. 4, 2006) (explaining that, "'[t]echnically, . . . a Rule 12(b)(4) motion is proper only to challenge noncompliance with the provisions of Rule 4(b) or any applicable provision incorporated by Rule 4(b) that deals specifically with the content of the summons'" (quoting 5B Charles A. Wright et al., *Federal Practice and Procedure* § 1353 (3d ed. 2004))). Although the defendants do not specify whether they have moved to dismiss under Rule 12(b)(4) or Rule 12(b)(5), their motions focus on Murray's failure to comply with Rule 4(m) rather than the content of the summonses, and the Court will construe the motions as seeking dismissal under Rule 12(b)(5). *See Thomas v. Navient Sols., Inc.*, No. 2:17-cv-12232, 2018 WL 3141946, at *2 (E.D. Mich. June 27, 2018) (construing motion to dismiss under Rules 12(b)(4) and 12(b)(5) under the latter rule where motion "challenge[d] only the method and timing of the summons's delivery"); *see also Buck Mountain Cmty. Org.*, 629 F. Supp. 2d at 792 n.5 (construing motion to dismiss based on plaintiff's failure to comply with Rule 4(m) as brought under Rule 12(b)(5)).

**III.     Analysis**

    **A.     Proof and Method of Service**

Murray has not demonstrated proper service of the defendants for several reasons. First, Murray has not adequately disputed Farris, Cobble, Harsh, Wiggins, Randolph, and Phillips's sworn assertions that they were not served with a copy of the complaint, stating only that he

6

thought he served them with such copies. Because the proofs of service Murray filed mention only service of the summonses, he has not demonstrated compliance with Rule 4(c)(1). *See Pawlik v. AMC Entm't Holdings, Inc.*, No. 3:18-cv-01301, 2019 WL 1113350, at *1 (M.D. Tenn. Mar. 11, 2019) (finding that pro se plaintiff's proof of service was inadequate where it did not clearly demonstrate complaint had been served with the summons). Further, Murray's proofs of service showing that he was the process server are inconsistent with Rule 4(c)(2), which provides that "[a]ny person who is at least 18 years old and *not a party* may serve a summons and complaint." Fed. R. Civ. P. 4(c)(2) (emphasis added); *see also Pawlik*, 2019 WL 1113350, at *1 (citing Rule 4(c)(2) for the proposition that a party to a lawsuit cannot be the process server).

Rule 4(e) provides additional rules for service of individuals located within a judicial district of the United States. That rule offers Murray several options for effecting proper service of the individual defendants, including effecting service in accordance with Tennessee law. *See* Fed. R. Civ. P. 4(e)(1) (providing for service in accordance with "state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made"). Murray may also serve them under Rule 4(e)(2) by:

**(A)** delivering a copy of the summons and of the complaint to the [defendants] personally;

**(B)** leaving a copy of each at the [defendants'] dwelling or usual place of abode with someone of suitable age and discretion who resides there; or

**(C)** delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e)(2)(A)–(C). Importantly, none of the avenues available under Rule 4(e)(2) contemplates service by mail, which is how Murray attempted service on Farris, Cobble, and Harsh; service by mail is therefore only valid if it complies with Tennessee law. *See, e.g.*, *Ingram Barge Co. v. Musgrove*, No. 3:17-cv-01526, 2019 WL 1226818, at *5 (M.D. Tenn. Mar. 8, 2019)

(collecting cases for the proposition that, "unless state law provides otherwise, Rule 4(e) does not authorize service by mail"); *see also* Tenn. R. Civ. P. 4.04(10) (providing that "[s]ervice by mail of a summons and complaint upon a defendant may be made by the plaintiff, the plaintiff's attorney or by any person authorized by statute").

Murray has not shown compliance with Rule 4(e). Although Wiggins and Randolph acknowledge that Murray personally served them with summonses, Murray has not shown that he served them with a copy of the complaint, as required by Federal Rule of Civil Procedure 4(e)(2)(A) and Tennessee Rule of Civil Procedure 4.04. *See* Fed. R. Civ. P. 4(e)(2)(A); Tenn. R. Civ. P. 4.04. Further, Murray has not shown that Randolph is "an agent authorized by appointment or by law to receive service" on behalf of Phillips and Hiott. Thus, he has not shown that he complied with Federal Rule 4(e)(2)(C) or Tennessee Rule of Civil Procedure 4.04(1) by delivering summonses for Phillips and Hiott to Randolph. Fed. R. Civ. P. 4(e)(2)(C); Tenn. R. Civ. P. 4.04(1). Finally, Murray has not shown compliance with any of Tennessee's requirements for service by mail: he did not file an affidavit setting forth his compliance with Tennessee Rule of Civil Procedure 4.03(2) or a return receipt, nor has he shown that M. Meadows, the person who allegedly signed for the mail addressed to Farris, Cobble, and Harsh, is "'*a person designated by Rule 4.04 or by statute*'" to accept mail service on their behalf. *Hall v. Haynes*, 319 S.W.3d 564, 577 (Tenn. 2010) (emphasis in original) (quoting Tenn. R. Civ. P. 4.03(2)); *see also id.* (holding that "Rule 4.03's explicit restriction of whom [sic] may sign the return receipt" generally requires "'that the return receipt be signed by the defendant and no one else'" (quoting Robert Banks, Jr. & June F. Entman, *Tennessee Civil Procedure* § 2–3(v) (2d ed. 2004))).

Murray has also failed to file proof of service of Defendants Sumner County and the Town of Monterey, which he must do if he intends to pursue his claims against these defendants. Under Federal Rule of Civil Procedure 4(j)(2), a municipality can only be served by:

> **(A)** delivering a copy of the summons and of the complaint to its chief executive officer; or
>
> **(B)** serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant.

Fed. R. Civ. P. 4(j)(2)(A)–(B). Summonses for Putnam County and Monterey have not issued, and there is no indication that Murray has attempted to serve these defendants.[1]

### B. Time for Service

Because Murray has not properly served the defendants in the required timeframe, the Court must determine whether he has shown good cause to extend the Rule 4(m) period. In making this determination, the Court must balance Rule 4(m)'s stated purpose of "reduc[ing] delay at the beginning of litigation[,]" Fed. R. Civ. P. 4(m) advisory committee's note to 2015 amendment, with the desire to resolve Murray's claims on the merits. *See* 4B Charles A. Wright et al., *Federal Practice and Procedure* § 1337 (4th ed. updated Apr. 2020). The Court is also mindful that Rule 4(m) "must be construed leniently with regard to *pro se* litigants such as [Murray]." *Habib v. Gen. Motors Corp.*, 15 F.3d 72, 74 (6th Cir. 1994) (interpreting then Rule 4(j)); *see also Nafziger v. McDermott Int'l, Inc.*, 467 F.3d 514, 522 (6th Cir. 2006) (discussing *id.*). Murray may

---

[1] To the extent that Murray seeks to prosecute his claims against the Town of Monterey and Putnam County through his official capacity claims, he must still follow the rules governing service of municipal entities. *See Libertarian Party of Ohio v. Wilhelm*, 417 F. Supp. 3d 982, 985 (S.D. Ohio 2019) (collecting cases for the proposition that, "for suits against authorities in their official capacities, service must be made pursuant to Federal Rule of Civil Procedure 4(j)"); *see also Soper v. Hoben*, 195 F.3d 845, 853 (6th Cir. 1999) ("Suing a public official in his official capacity for acts performed within the scope of his authority is equivalent to suing the governmental entity.").

demonstrate good cause by showing that he "made a reasonable and diligent effort to effect service." *Habib*, 15 F.3d at 74.

Murray has shown good cause here. Murray argues that he has "always promptly abided by all [the Court's] orders" and that he made "all efforts to be diligent [i]n doing the correct paperwork." (Doc. No. 18, PageID# 66.) He asks for "for more time [to effect service of process] . . . because [he] thought [he] had sent all papers relevant to . . . serv[ice] of process" and vows to "promptly" address any service issues the Court identifies. (*Id.* at PageID# 67.) The defendants do not respond to Murray's request for additional time to effect service of process or provide any argument regarding the good cause standard. In the absence of such argument, and given the Court's obligation to construe Rule 4(m) leniently with regard to pro se plaintiffs, Murray's unrebutted showing of diligence is sufficient to establish good cause. *See Fisher v. FedEx Express*, No. 2:18-cv-02884, 2019 WL 5448460, at *2 (W.D. Tenn. Oct. 24, 2019) (finding that plaintiff's "pro se status and apparent attempt to effect service provide[d] good cause for the Court to extend her time for service").

Even if the Court were to find that Murray has not shown good cause, a discretionary extension of the service would still be appropriate. This action was filed on June 12, 2019, and any further extension of Rule 4(m)'s ninety-day service period would be "significant." *Slenzka*, 204 F.R.D. at 326. However, the other relevant factors weigh in favor of allowing an additional extension of the service deadline. The majority of the defendants have received actual notice of the lawsuit, and none has argued that extension of the service period would cause prejudice. *See id.* Further, Murray's claims would likely be time-barred if he were to refile them in a new action.[2]

---

[2] Section 1983 claims are governed by the state-law statute of limitations for personal-injury torts. *City of Rancho Palos Verdes v. Abrams*, 544 U.S. 113, 124 (2005); *Eidson v. Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 634 (6th Cir. 2007). In Tennessee, actions for "injuries to the

*See id.* Finally, and most importantly, Murray made a good faith effort to comply with the Court's order that he file proof of service of the defendants by November 26, 2019. *See id.*

Accordingly, the defendants' motions to dismiss for insufficient service of process should be denied, and Murray should be given another opportunity to effect proper service. However, Murray is warned that he is not entitled to unlimited extensions of the Rule 4(m) deadline. Murray has now received a comprehensive overview of the rules governing service of the defendants in this action, and it is unlikely that the Court will excuse his failure to follow those rules moving forward.

---

person" and for "compensatory or punitive damages, or both, brought under the federal civil rights statutes" must be filed within one year after the cause of action accrues. Tenn. Code Ann. § 28-3-104(a)(1)(A)–(B); *Howell v. Farris*, 655 F. App'x 349, 351 (6th Cir. 2016). The incident giving rise to this action occurred on June 13, 2018, almost two years ago.

**IV.     Recommendation**

For the foregoing reasons, the Magistrate Judge RECOMMENDS that the defendants' motions to dismiss for insufficient service of process (Doc. Nos. 8, 19, 21) be DENIED and that Murray be given an additional 30 days from the Court's ruling on this Report and Recommendation to properly serve the defendants.

Any party has fourteen days after being served with this report and recommendation to file specific written objections. Failure to file specific objections within fourteen days of receipt of this report and recommendation can constitute a waiver of appeal of the matters decided. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004). A party who opposes any objections that are filed may file a response within fourteen days after being served with the objections. Fed. R. Civ. P. 72(b)(2).

Entered this 3rd day of June, 2020.

_____
ALISTAIR E. NEWBERN
United States Magistrate Judge