## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF TENNESSEE
## NORTHEASTERN DIVISION

STEPHEN RAY MURRAY,      )
                            )
    Plaintiff,          )
                            )
    v.                  )     **No. 2:19-cv-00046**
                            )
MAYOR BILL WIGGINS, et al.,   )
                            )
    Defendants.      )

## ORDER

Stephen Ray Murray initiated this pro se action under 42 U.S.C. § 1983, alleging excessive force by Officers Joe Harsh, Richard Cobble, Andrew Phillips and Steven Hiott. (Doc. No. 1.) Murray has filed proof of service on Defendants. (Doc. Nos. 10 to 16.) Nevertheless, the Defendants move to dismiss for insufficient service. (Doc. Nos. 8, 19 and 21.) The Magistrate Judge's Report and Recommendation ("R&R") recommends that Defendants' motions to dismiss be denied. (Doc. No. 32). The Defendants have timely filed objections to the R&R (Doc. Nos. 33, 34 and 35). After de novo review, the Court agrees with the Magistrate Judge.

In denying the motions, the Magistrate Judge reasoned that although "Murray has not demonstrated proper service of the defendants," he has shown good cause to extend the time period by 30 more days to do so when considering that "Rule 4(m) must be construed leniently with regard to pro se litigants" like Murray (Id. at 6, 9–10 (internal quotations omitted)). Alternatively, the Magistrate Judge recommends a discretionary extension of the time for service. (Id.)

Defendants' objections are based upon a partial reading of Fed. R. Civil P. Rule 4(m) that makes mandatory dismissal after a party fails to make service within 90 days of filing the complaint. (Doc. No. 33 at 2–3 and 34). However, the Magistrate Judge properly applied the

complete text of Rule 4(m) and specifically the following: "But if the plaintiff shows good cause for the failure [to make service within the time], the court **must** extend the time for service for an appropriate period." (emphasis added). Having found good cause, the Magistrate Judge properly extended the time for service.

Separately, Defendant Hiott has objected to the Magistrate Judge's good cause finding because Murray has not diligently attempted to effect service on him. (Doc. No. 36 at 2.) He argues Murray attempted to serve Hiott through Defendant Randolph, the chief of the Monterey Police Department, when Hiott was no longer an employee of the Monterey Police Department. (Id.; Doc. No. 22 at 3.) Relying upon Habib v. Gen. Motors Corp., 15 F.3d 72, 74 (6th Cir. 1994), Hiott maintains something more than plaintiff's pro se status is needed to find good cause. Further, Hiott argues that unlike Fisher v. FedEx Express, No. 2:18-cv-02884, 2019 WL 5448460, *2 (W.D. Tenn. Oct. 24, 2019), where the Plaintiff made an "apparent attempt to effect service," here Murray had made no contact with Hiott. (Doc. No. 36 at 3.) But, as the Magistrate Judge found, Murray did in fact attempt to serve Hiott at what he believed to be Hiott's place of work, the Monterey Police Department. This shows that Murray was *attempting* to serve Hiott. This good-faith attempt at service, exhibits Murray's diligence. See Habib, 15 F.3d at 74 (finding diligent attempt at service from plaintiff "immediately attempt[ing] to make service" after being granted an extension, although the first try was procedurally inadequate, and then effectuating service after defendant's motion to dismiss for failure to serve). Hiott's objection is overruled.

Accordingly, Defendants' objections (Doc. Nos. 33, 34 and 35) are **OVERRULED**. The R&R is **APPROVED AND ADOPTED.** Defendants' Motions to Dismiss (Doc. Nos. 8, 19 and 21) are **DENIED.** The case is returned to the Magistrate Judge for appropriate case management.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE