UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

STEPHEN RAY MURRAY,

    Plaintiff,

v.

MAYOR BILL WIGGINS et al.,

    Defendants.

Case No. 2:19-cv-00046

Chief Judge Waverly D. Crenshaw, Jr.
Magistrate Judge Alistair E. Newbern

To:    The Honorable Waverly D. Crenshaw, Jr., Chief District Judge

**REPORT AND RECOMMENDATION**

This civil rights action brought under 42 U.S.C. § 1983 and Tennessee law arises from an altercation that occurred on June 13, 2018, between pro se Plaintiff Stephen Ray Murray and officers from the Monterey Police Department and the Putnam County Sheriff's Department. (Doc. No. 1.) Defendants Putnam County Sheriff Eddie Farris; Putnam County Deputies Joseph Harsh and Richard Cobble; Monterey Mayor Bill Wiggins; Monterey Chief of Police Bill Randolph; Monterey Officers Andrew Phillips and Steven Hiott; and the City of Monterey have moved to dismiss Murray's claims against them under Federal Rule of Civil Procedure 12 for insufficient service of process and expiration of the statute of limitations. (Doc. Nos. 40, 44, 46.) In the alternative, Cobble, Farris, and Harsh seek dismissal for failure to state a claim on which relief can be granted or judgment on the pleadings. (Doc. No. 40.) Murray filed one response in opposition to all three motions (Doc. No. 49) and the defendants replied (Doc. Nos. 51, 52, 53). Cobble, Farris, and Harsh have also filed a motion to ascertain the status of the case and to renew their motion to dismiss. (Doc. No. 57.) For the reasons that follow, the Magistrate Judge will

recommend that the motions to dismiss be granted and the motion to ascertain status be denied as moot.

## I. Factual and Procedural Background

The following facts are taken from Murray's complaint (Doc. No. 1) and are presumed to be true for purposes of resolving the defendants' motions to dismiss. *See Courtright v. City of Battle Creek*, 839 F.3d 513, 518 (6th Cir. 2016). Murray alleges that, on June 13, 2018, he tripped and fell after awaking in the middle of the night. (Doc. No. 1.) His daughter heard him cry out and, thinking that an intruder was breaking into the family's home, called 911. (*Id.*) Murray's wife called 911 again and stated that there was no emergency, but Officers Phillips and Hiott and Deputies Cobble and Harsh still responded to the home and arrested Murray. (*Id.*) Although Murray states that he complied with all of their commands, Cobble and Harsh attempted to use a taser against Murray and, when their attempt was unsuccessful, directed Phillips to use his taser on Murray, which he did successfully. (*Id.*) Murray alleges that he suffered numerous injuries in this altercation, including facial fractures and a concussion. (*Id.*)

Murray initiated this action on June 12, 2019, by filing a complaint under 42 U.S.C. § 1983. (*Id.*) The City of Monterey, Putnam County, Officers Phillips and Hiott, Deputies Cobble and Harsh, Sheriff Farris, Mayor Wiggins, and Chief of Police Randolph are named as defendants, and all individual defendants are named in both their individual and official capacities. (*Id.*) Murray claims that the defendants violated his Fourth, Fifth, Sixth, and Eighth Amendment rights through "failure to intervene, negligence, . . . illegal search, seizure, excessive use of force, unnecessary detention, [and] emotional abuse." (*Id.* at PageID# 3.) In its order referring the case to the Magistrate Judge, the Court informed Murray "that **he is responsible for effecting service of process on the defendants** in accordance with . . . Rule 4 of the Federal Rules of Civil Procedure" and directed Murray to relevant online resources for pro se litigants. (Doc. No. 3, PageID# 12.)

On October 2, 2019, the Court found that Murray had not filed proof of service within the ninety-day period to effect service of process under Rule 4(m) and ordered him to file proof of service showing that all of the defendants were served within the ninety-day period or to show cause why the Court should extend the service period under Rule 4(m). (Doc. No. 5.) In response, Murray requested a thirty-day extension of the service period. (Doc. No. 6.) The Court found good cause to extend the Rule 4(m) deadline and ordered Murray to file proof of service on all defendants by November 26, 2019. (Doc. No. 7.) On that date, Murray filed proofs of service showing that he personally served Wiggins and Randolph with summonses on November 7, 2019 (Doc. Nos. 10, 11); that he personally gave summonses for Phillips and Hiott to Randolph on November 7, 2019 (Doc. Nos. 12, 13); and that he mailed summonses for Farris, Cobble, and Harsh to the Putnam County Sheriff's Department on November 10, 2019 (Doc. Nos. 14–16). Murray states that the mailed summonses were received and signed for by "M. Meadows" on November 12, 2019. (Doc. No. 14, PageID# 60; Doc. No. 15, PageID# 62; Doc. No. 16, PageID# 64).

All of the defendants moved to dismiss Murray's claims for insufficient service of process. (Doc. Nos. 8, 19, 21.) In a June 3, 2020 report and recommendation, the Magistrate Judge found that Murray had not demonstrated proper service on any of the defendants for several reasons, including that (1) Murray had not adequately shown that he served a copy of the complaint with each summons as required by Rule 4(c)(1); (2) service had not been effected by a nonparty as required by Rule 4(c)(2); (3) Murray had not complied with the requirements to effect service by mail under Tennessee law; and (4) Murray had not filed proof of service on Putnam County and the City of Monterey. (Doc. No. 32.) However, the Magistrate Judge found good cause to extend the deadline for service again because Murray had diligently attempted to serve the defendants.

3

(*Id.*) The Court adopted the report and recommendation on August 19, 2020 (Doc. No. 37), giving Murray thirty days from that date to file additional proof of service (Doc. No. 32). Murray did not do so.

On October 26, 2020, Cobble, Farris, and Harsh (the County Defendants) moved to dismiss Murray's claims against them under Federal Rules of Civil Procedure 12(b)(2), (4), (5), and (6).[1] (Doc. No. 40.) They argue that Murray did not serve them by the Court's deadline and that the one-year statute of limitations applicable to Murray's claims has expired under Tennessee Rule of Civil Procedure 3 because Murray did not obtain new process within one year of filing this action. (Doc. No. 41.) They also argue that the complaint does not allege any wrongdoing by Farris, that Cobble and Harsh are entitled to qualified immunity, and that Murray cannot state a claim for false arrest because the County Defendants had probable cause to arrest him. (*Id.*)

---

[1] The County Defendants rely on Rules 12(b)(2), (4), and (5) to argue that the Court lacks personal jurisdiction over them because Murray has not properly effected service of process. (Doc. No. 40.) Rule 12(b)(5) is the proper vehicle for a motion to dismiss a complaint for insufficient service of process. *See Buck Mountain Cmty. Org. v. Tenn. Valley Auth.*, 629 F. Supp. 2d 785, 792 n.5 (M.D. Tenn. 2009) (noting that a Rule 12(b)(4) motion concerns "the form of process"—i.e., the content of the summons—while a Rule 12(b)(5) motion challenges "the manner or method of service" of a summons or complaint). Because the County Defendants' arguments concerning personal jurisdiction and service of process focus on Murray's failure to comply with Rule 4(m), the Court will analyze those arguments under Rule 12(b)(5). *See Thomas v. Navient Sols., Inc.*, No. 2:17-cv-12232, 2018 WL 3141946, at *2 (E.D. Mich. June 27, 2018) (construing motion to dismiss under Rules 12(b)(4) and (5) under the latter rule where motion "challenge[d] only the method and timing of the summons's delivery"); *Cardenas v. City of Chicago*, No. 08 C 3174, 2010 WL 610621, at *2 (N.D. Ill. Feb. 15, 2010) ("[W]here there has been insufficient service of process, the Court does not have personal jurisdiction over the defendant. Under this construct, motions pursuant to Rule 12(b)(5) and 12(b)(2) (for lack of personal jurisdiction) are interrelated and the standards for both motions are the same." (citation omitted)).

The County Defendants' argument that Murray's claims are barred by the statute of limitations is construed as arising under Rule 12(b)(6). *See Cataldo v. U.S. Steel Corp.*, 676 F.3d 542, 547 (6th Cir. 2012) (holding that when "the allegations in the complaint affirmatively show that the claim is time-barred . . . , dismissing the claim under Rule 12(b)(6) is appropriate.").

Wiggins, Randolph, Phillips, and the City of Monterey (the City Defendants) filed a motion to dismiss Murray's claims against them under Rules 12 and 41(b) on November 5, 2020 (Doc. No. 44), and Hiott filed a motion to dismiss on the same grounds on November 16, 2020 (Doc. No. 46).[2] Like the County Defendants, the City Defendants and Hiott argue that Murray did not take any action to serve them within the thirty-day deadline established by the Court's August 19, 2020 order and that Murray's claims are now barred by Tennessee's one-year statute of limitations. (Doc. Nos. 44, 47.)

Murray filed a single response to all three motions to dismiss, arguing that a process server "recorded the delivery of the complaint [and] summons to each lawyer[ ] respectfully[.]" (Doc. No. 49, PageID# 214.) Murray also states that the process server attempted service at "the Attorney[']s office in Cookeville, TN[,]" but a "lady" in the office "refused the papers" "after the server told the secretary what he had . . . so the server just left them on the counter at the Attorney[']s office." (Doc. No. 49, PageID# 215.) Murray filed affidavits of service with his response indicating that, on September 17, 2020, an individual named "Raymond R. Murray" delivered a summons addressed to Hiott to the law firm of Watson, Roach, Batson & Lauderback at a post office box in Knoxville, Tennessee; delivered summonses addressed to Cobble, Harsh, Farris, and Wiggins to the law firm of Moore, Rader, Fitzpatrick & York in Cookeville, Tennessee; and delivered summonses addressed to Randolph and Phillips to the law firm of Farrar & Bates in Nashville, Tennessee. (*Id.* at PageID# 220, 222, 224, 226, 228, 230, 232.) Murray did not file affidavits reflecting service of the City of Monterey or Putnam County and his response does not

---

[2]  These defendants have not specified the specific subsection of Rule 12 under which they bring their motions to dismiss. For the reasons articulated in the previous footnote, the Court will construe their arguments concerning the adequacy of service as being raised under Rule 12(b)(5), and their statute of limitations arguments under Rule 12(b)(6).

address the defendants' statute of limitations arguments or the County Defendants' arguments that Murray has failed to state a claim on which relief can be granted.

The County Defendants replied that the proofs of service Murray filed with his response were "falsely dated and otherwise facially deficient . . . ." (Doc. No. 51, PageID# 236.) They attached a sworn affidavit by Heather Jones, a legal secretary at Moore, Rader, Fitzpatrick & York stating that Murray and another individual visited the law firm on November 10, 2020, and handed Jones and receptionist Holly Warden summonses addressed to Cobble, Harsh, and Farris, along with three copies of the complaint. (Doc. Nos. 51-1, 51-2.) Jones states that "[t]hese events occurred on November 10, 2020[,]" "did not occur on September 17, 2020," and that Farris, Harsh, and Cobble were not present at the office on November 10, 2020. (Doc. No. 51-1, PageID# 241.)

Wiggins, Randolph, Phillips, and Hiott filed replies stating that they are not represented by counsel from the law firms where Murray purports to have served them. (Doc. Nos. 52, 53.) They also argue—as do the County Defendants—that service on a defendant's attorney does not satisfy Rule 4's requirements and that Murray's claims are barred by the applicable statute of limitations. (Doc. Nos. 51–53.)

## II.     Legal Standards

### A.     Adequacy of Service under Federal Rule of Civil Procedure 4

"[T]he requirement of proper service of process 'is not some mindless technicality[,]'" *Friedman v. Est. of Presser*, 929 F.2d 1151, 1156 (6th Cir. 1991) (quoting *Del Raine v. Carlson*, 826 F.2d 698, 704 (7th Cir. 1987)), nor is it "meant to be a game or obstacle course for plaintiffs[,]" *Ace Am. Ins. Co. v. Meadowlands Dev. Ltd. P'ship*, 140 F. Supp. 3d 450, 455 (E.D. Pa. 2015). Rather, it goes to the very heart of a court's ability to hear a case. "[W]ithout proper service of process, consent, waiver, or forfeiture, a court may not exercise personal jurisdiction over a named defendant." *King v. Taylor*, 694 F.3d 650, 655 (6th Cir. 2012); *see also Mann v. Castiel*, 681 F.3d

6

Case 2:19-cv-00046   Document 59   Filed 08/03/21   Page 6 of 13 PageID #: 336

368, 372 (D.C. Cir. 2012) (explaining that "[s]ervice is . . . not only a means of 'notifying a defendant of the commencement of an action against him,' but 'a ritual that marks the court's assertion of jurisdiction over the lawsuit'" (citation omitted)). Where personal jurisdiction is not properly established, a court cannot exercise its authority consistent with due process of law. *See Friedman*, 929 F.2d at 1156–57.

Federal Rule of Civil Procedure 4(m) provides that "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). The Court must extend the time for service upon a showing of good cause, and the Court may exercise its discretion to permit late service even where a plaintiff has not shown good cause. Fed. R. Civ. P. 4(m) advisory committee's note to 1993 amendment (explaining that Rule 4(m) "explicitly provides that the court shall allow additional time if there is good cause for the plaintiff's failure to effect service . . . and authorizes the court to [grant relief] . . . even if there is no good cause shown"); *see also Henderson v. United States*, 517 U.S. 654, 662–63 (1996); *DeVane v. Hannah*, No. 3:11-cv-00389, 2011 WL 5916433, at *2 (M.D. Tenn. Nov. 28, 2011). Otherwise, the language of Rule 4(m) mandates dismissal, either on motion or sua sponte. Fed. R. Civ. P. 4(m); *see also Byrd v. Stone*, 94 F.3d 217, 219 & n.3 (6th Cir. 1996). In light of this plain language, it is well established that Rule 4(m) empowers a court to dismiss complaints without prejudice "upon the court's own initiative with notice to the plaintiff." *Hason v. Med. Bd. of Cal.*, 279 F.3d 1167, 1174 (9th Cir. 2002); *see also Friedman*, 929 F.2d at 1155 n.4 (noting that "the issue of ineffective service of process may be raised sua sponte").

### B.     Motion to Dismiss Under Federal Rule of Civil Procedure 12(b)(6)

In deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must "construe the complaint in the light most favorable to the plaintiff, accept all well-pleaded

factual allegations in the complaint as true, and draw all reasonable inferences in favor of the plaintiff." *Courtright*, 839 at 518. Federal Rule of Civil Procedure 8(a)(2) requires only that a complaint contain "a short and plain statement of the claim[.]" Fed. R. Civ. P. 8(a)(2). However, "[t]he factual allegations in the complaint need to be sufficient to give notice to the defendant as to what claims are alleged, and the plaintiff must plead 'sufficient factual matter' to render the legal claim plausible, i.e., more than merely possible." *Fritz v. Charter Twp. of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

"The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). A plaintiff must plead more than "'labels and conclusions[,]'" "'a formulaic recitation of the elements of a cause of action[,]'" or "'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (third alteration in original) (quoting *Twombly*, 550 U.S. at 555, 557). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Because Murray proceeds pro se, the Court construes his filings "'liberally'" and holds his complaint "'to less stringent standards than formal pleadings drafted by lawyers[.]'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). There are limits to liberal construction, however, and "courts are not required to conjure up unpleaded allegations or guess at the nature of an argument." *Brown v. Cracker Barrel Rest.*, 22 F. App'x 577, 578 (6th Cir. 2001) (citing *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

**III.     Analysis**

   **A.     Adequacy of Service under Federal Rule of Civil Procedure 4**

Murray has not shown that he has effected service in accordance with Rule 4's requirements. Even though Murray filed affidavits of service stating that Hiott, Cobble, Harsh, Farris, Wiggins, Randolph, and Phillips were "personally served[,]" (Doc. No. 49, PageID# 220, 222, 224, 226, 228, 230, 232), Murray has contradicted those affidavits by stating that, in at least one instance, copies of the summonses and complaint were not personally served but "left . . . on the counter" at a law firm (*Id.* at PageID# 215). Further, the affidavits of service state that service was attempted on Hiott, Wiggins, Randolph, and Wiggins at law firms that do not represent those defendants in this action: a summons addressed to Hiott was delivered to a post office box belonging to Watson, Roach, Batson & Lauderback; a summons addressed to Wiggins was delivered to Moore, Rader, Fitzpatrick & York, and summonses addressed to Randolph and Phillips were delivered to Farrar & Bates. (Doc. No. 49.) The record does not contain any evidence of an attorney-client relationship between those firms and respective defendants. Rather, Farris, Harsh, and Cobble are represented in this action by Daniel Rader, André Greppin, and Randall York of Moore, Rader, Fitzpatrick & York (Doc. Nos. 8, 9, 27, 33, 40, 41, 50, 51, 56); Hiott is represented by William Mazzota of Farrar & Bates (Doc. Nos. 21, 22, 25, 29, 30, 35, 36, 46, 47, 53); and Wiggins, Randolph, and Phillips are represented by Daniel Pilkington of Watson, Roach, Batson & Lauderback. (Doc. Nos. 19, 34, 44, 52).

Even if Murray had shown that he delivered a copy of the summons and complaint to the correct attorneys for each defendant, "proof of an attorney-client relationship, even one in the action in question, is not sufficient to show that service through an attorney is proper." *Greer v. Swift*, No. 3:18-cv-0394, 2018 WL 6735153, at *2 (M.D. Tenn. Nov. 16, 2018). "Instead, the record must show that the attorney exercised authority beyond the attorney-client relationship,

9

including the power to accept service." *United States v. Ziegler Bolt & Parts Co.*, 111 F.3d 878, 881 (Fed. Cir. 1997). This is because Rule 4(e)(2)(C) requires "delivering a copy" of the summons and complaint "to an agent authorized by appointment or by law to receive service of process" for each defendant. Fed. R. Civ. P. 4(e)(2)(C). Murray has provided no evidence that anyone at any of the law firms is authorized to receive service of process on behalf of any defendant. *See O.J. Distrib., Inc. v. Hornell Brewing Co.*, 340 F.3d 345, 354 (6th Cir. 2003) (holding that plaintiff failed to demonstrate that an unidentified receptionist who signed for an overnight mail package qualified as an "authorized agent" under Rule 4); *Rojek v. Catholic Charities, Inc.*, No. 08-14492, 2009 WL 3834013, at *4 (E.D. Mich. Nov. 16, 2009) (concluding that plaintiff failed to meet her burden of proving that proper service was effected where she provided no evidence that the individual served "was an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process"). Accordingly, Murray has not demonstrated that he has properly served any of the defendants under Rule 4.[3]

### B. Statute of Limitations

The defendants also argue that, even if Murray had properly effected service under Rule 4, his claims are barred by Tennessee's one-year statute of limitations and must be dismissed. (Doc. Nos. 41, 44, 47.) "The statute of limitations is an affirmative defense, and a plaintiff generally need not plead the lack of affirmative defenses to state a valid claim[.]" *Cataldo*, 676 F.3d at 547 (first citing Fed. R. Civ. P. 8(c); then citing Fed. R. Civ. P. 8(a); and then citing *Jones v. Bock*, 549 U.S.

---

[3] The parties have presented conflicting affidavits regarding the date on which Murray attempted to serve the defendants. (Doc. Nos. 49, 51-1.) Because Murray has not shown that his attempts to serve the defendants meet the substantive requirements of Rule 4, and because his claims would be time-barred even if he had served the defendants on September 17, 2020, the Magistrate Judge does not make a finding of fact regarding the date on which his attempts at service occurred.

199, 216 (2007)). Accordingly, "a motion under Rule 12(b)(6), which considers only the allegations in the complaint, is generally an inappropriate vehicle for dismissing a claim upon the statute of limitations." *Id.* There is an exception to this general rule, however, when "the allegations in the complaint affirmatively show that the claim is time-barred. When that is the case, . . . dismissing the claim under Rule 12(b)(6) is appropriate. *Id.* (citing *Jones*, 549 U.S. at 215).

To the extent that Murray's claims for "failure to intervene, negligence, . . . illegal search [and] seizure, excessive use of force, unnecessary detention, [and] emotional abuse" can be construed as being brought under Tennessee law, Murray's individual-capacity claims are subject to Tennessee's one-year statute of limitations for personal injury actions, Tenn. Code Ann. § 28-3-104(a)(1). Murray's official-capacity claims and his claims against the City of Monterey and Putnam County are governed by the one-year statute of limitations under Tennessee's Governmental Tort Liability Act, Tenn. Code Ann. § 29-20-305. Because § 1983 does not specify a limitations period, courts apply "the state statute of limitations applicable to personal injury actions under the law of the state in which the § 1983 claim arises." *Eidson v. Tenn. Dep't of Child.'s Servs.*, 510 F.3d 631, 634 (6th Cir. 2007). Thus, Murray's § 1983 claims are also subject to a one-year statute of limitations. *See id.*; Tenn. Code Ann. § 28-3-104(a)(1).

"The date on which the statute of limitations begins to run in a § 1983 action is a question of federal law." *Eidson*, 510 F.3d at 635. Generally, "the limitation period starts to run when the plaintiff knows or has reason to know of the injury which is the basis of his action." *Id.* Tennessee law applies the same rule. *See Potts v. Celotex Corp.*, 796 S.W.2d 678, 680 (Tenn. 1990) (holding that, "in tort actions" brought under Tennessee law, "the cause of action accrues and the statute of limitations begins to run when the injury occurs or is discovered, or when in the exercise of reasonable care and diligence, it should have been discovered"). Murray alleges that the altercation

giving rise to this action took place on June 13, 2018. (Doc. No. 1.) He filed this action on June 12, 2019, one day before the one-year statute of limitations applicable to his § 1983 and state law claims expired. (*Id.*)

The defendants argue that, even though Murray filed one day before the one-year statute of limitations ran, this action is nonetheless time-barred because Murray has not complied with Tennessee Rule of Civil Procedure 3. Tennessee Rule 3 provides that,

> [i]f process remains unissued for 90 days or it is not served within 90 days from issuance, regardless of the reason, the plaintiff cannot rely upon the original commencement to toll the running of a statute of limitations unless the plaintiff continues the action by obtaining issuance of new process within one year from issuance of the previous process.

Tenn. R. Civ. P. 3. In § 1983 actions, state rules regarding the tolling of statutes of limitations apply "unless their full application would defeat the goals of the federal statute at issue." *Hardin v. Straub*, 490 U.S. 536, 539 (1989). "The chief goals of § 1983 are compensation and deterrence, and its subsidiary goals are uniformity and federalism." *Bishop v. Child.'s Ctr. for Dev. Enrichment*, 618 F.3d 533, 537 (6th Cir. 2010). The Sixth Circuit and this Court have previously found that Rule 3 may apply in § 1983 actions applying Tennessee-law tolling provisions. *See Markowitz v. Harper*, 197 F. App'x 387, 389 (6th Cir. 2006) (holding, in action brought under §§ 1983 and 1985, that "[a]mong the Tennessee provisions bearing on the statute of limitations question is Rule 3 of the Tennessee Rules of Civil Procedure"); *Stedam v. Cumberland Cnty.*, No. 2:19-cv-00032, 2020 WL 6204426, at *1 (M.D. Tenn. Oct. 22, 2020) (applying Tennessee Rule of Civil Procedure 3 in action under § 1983).

Here, process issued for Cobble, Farris, Harsh, Hiott, Phillips, Randolph and Wiggins on August 6, 2019. (Doc. No. 4.) Murray did not serve any of those defendants within ninety days of that date. (Doc. Nos. 32, 37.) Thus, Rule 3 required Murray to "obtain[ ] issuance of new process

within one year of" August 6, 2019, for the statute of limitations to remain tolled by his original filing. Tenn. R. Civ. P. 3. Because Murray did not obtain issuance of new process for the defendants by August 6, 2020, and because process was never issued for the City of Monterey and Putnam County, application of Rule 3 renders his claims untimely under Tennessee's one-year statute of limitations.[4]

## IV. Recommendation

For the foregoing reasons, the Magistrate Judge RECOMMENDS that the defendants' motions to dismiss (Doc. Nos. 40, 44, 46) be GRANTED, Murray's complaint be DISMISSED, and Murray's motion for discovery (Doc. No. 55) and Cobble, Farris, and Harsh's motion to ascertain status and renewed motion to dismiss (Doc. No. 57) be DENIED AS MOOT.

Any party has fourteen days after being served with this Report and Recommendation to file specific written objections. Failure to file specific objections within fourteen days of receipt of this report and recommendation can constitute a waiver of appeal of the matters decided. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004). A party who opposes any objections that are filed may file a response within fourteen days after being served with the objections. Fed. R. Civ. P. 72(b)(2).

Entered this 3rd day of August, 2021.

ALISTAIR E. NEWBERN
United States Magistrate Judge

---

[4] In light of the above findings, the Magistrate Judge will not address the merits of the County Defendants' other arguments that Murray has failed to state a claim on which relief can be granted.